## HOLMES, Administrator, vs. COOK.

*· September 2 — September 21, 1880.*

BILLS AND NOTES: EVIDENCE. *(1) Admitting note in evidence, where genuineness of signature denied.  (2) Materiality of certain evidence. (3) Instructions.*

1. In an action on a note, where the genuineness of the signature was denied, and the attesting witness had given evidence having some tendency to show the signature genuine, it was not error to admit the note itself along with the evidence bearing on the question of its genuineness.
2. Where it was admitted by plaintiff that defendant *made* the note merely as a loan of his credit to the payee, and by defendant that at the date of said note he had *indorsed* for the payee's accommodation, there was no error in rejecting evidence for the defendant as to his dealings with the payee before and at the date of the note (to show that he was not *indebted* to the payee), or as to the amount of money which defendant had on deposit subject to his check; the evidence being immaterial.
3. In this case the instructions given are *held* not to contain any errors prejudicial to the appellant, and the judgment is affirmed.

APPEAL from the Circuit Court for *Brown* County.

Action on a promissory note which purported to have been signed by the defendant by making his mark. The defense was:  1. That *Cook* never made the note.  2. That if he did affix his signature to it as maker, such signature was procured by fraud, and was made in the belief that he was signing as indorser.  The plaintiff had a verdict and judgment, and the defendant appealed.

For the appellant there was a brief by *L. J. Billings*, his attorney, with *Tracy & Bailey* of counsel, and oral argument by *Mr. Tracy*.

For the respondent there was a brief by *J. C. & A. C. Neville*, and oral argument by *J. C. Neville*.

COLE, J.  The exception taken to the ruling of the court below admitting the note in evidence, because the signature of the defendant had not been proven, seems to us untenable.

The attesting witness, Green, stated in substance, on his examination in chief, that he saw the defendant execute the note; but upon cross examination he was much less positive about having actually witnessed its execution. Still, it was proper to admit the note in evidence, with the other testimony bearing on the question of its genuineness.

Nor do we think there was any error in excluding the questions asked the defendant as to his dealings with Langton previously to and at the date of the note. It is not claimed on either side that the note was given for a debt due from the defendant to Langton. The evidence offered was therefore quite immaterial, if not objectionable upon the ground upon which it was excluded, namely, that Langton was dead and it was incompetent for the witness, being a party, to testify in respect to any transaction had with him. The defendant admitted in his answer and in his testimony upon the trial, that he had indorsed a note, for Langton's accommodation, while the testimony on the part of the plaintiff tended to show that he gave the note as an accommodation maker. But the fact was practically admitted that the defendant had merely loaned his credit to Langton in some form. The inquiry as to the previous dealings or business relations of the parties was therefore irrelevant to the real issue.

The same answer in effect must be given to the objection that the court improperly excluded the evidence offered to show the amount of money which the defendant had in the hands of Weed & Co., subject to his check. That, too, was totally irrelevant and immaterial, because it was not claimed or pretended that the note was given for any debt which the defendant owed Langton, it appearing that whatever the defendant had done was solely for the accommodation of Langton.

A number of exceptions were taken to the charge of the court, which are relied on for a reversal of the judgment. It seems to us there is nothing in the charge which could have influenced the jury to the defendant's prejudice. It is

said by the learned counsel for the defendant, that the case was a close one on the testimony as to whether the note was a forgery or not, and that the jury should have been left free to determine what facts were established by the evidence, without any pressure being brought to bear upon them by the court. We certainly see no ground for saying that the jury could possibly have been influenced by any expression of opinion by the learned circuit judge. We do not dwell upon this criticism, because we deem it without foundation. It is said that it was error for the court to tell the jury that the defense in the case was a double one,— one that would naturally be put in by a person situated as the defendant was. It cannot well be denied that the defense set up in the answer was double; and the six special instructions given at the request of the defendant, distinctly refer to this double defense. Surely it was natural for the court, under the circumstances, to make the remark it did about the defense being a double one, even if there were no important testimony given on the trial bearing on the question of fraud. Again, in commenting on the defendant's testimony, the court observed that he had said he did not sign the note at all, nor authorize any one to sign it for him; and the jury were told they "might infer from this statement" that the note was a forgery. This remark is criticised, but it seems to us it was only equivalent to telling the jury they were at liberty to credit the defendant's testimony and find that the note was not genuine. This is all the charge really amounts to.

Further, it is said the charge as to the defense that if the note in suit was the one the defendant supposed he indorsed, then his signature as maker was procured by fraud, was confusing, by suggesting matters not in evidence. Certainly, the court, at the request of the defendant, gave the fourth and fifth instructions, to the effect that, if the jury believed that the signature of the defendant to the note was genuine, still, if they should find that such signature was procured by false

representations as to the character of the paper signed, the defendant being ignorant of its true character, and having no intention to sign such paper, and being guilty of no negligence in doing so, there could be no recovery. The general charge bearing upon this defense is nothing more than an amplification of the proposition of law which the court gave at the request of the defendant; and if it tended to confuse rather than enlighten the jury, the counsel for the defendant was responsible for it. And, after an examination of the entire charge, we see no substantial objection to it. It refers to the issues made by the pleadings, and questions litigated on the trial. Nor can we perceive any error in the instructions given in behalf of the plaintiff which would warrant a reversal of the judgment. They relate only to such defenses as the record shows were relied on to defeat a recovery.

Our view is that the judgment must be affirmed.

*By the Court.*— Judgment affirmed.